**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **KEN-MAC METALS**                )<br>                      Plaintiff,        )<br>                                    )<br>         **v.**                           )<br>                                    )<br>**INDEPENDENT SHEET METAL, INC.**  )<br>                                    )<br>                      Defendant.       )<br>_____) | **3:09-cv-00693-VPC**<br><br><br>**ORDER**<br><br>**May 19, 2011** |

     Before the court is plaintiff Ken-Mac Metal's ("Ken-Mac") motion to dismiss counterclaim (#50).[1]  Independent Sheet Metal ("Independent") did not oppose.  Ken-Mac filed a reply in support of its motion (# 53).  Upon thorough review of the unopposed motion, the court grants Ken-Mac's motion to dismiss counterclaim (#50).

## I. FACTUAL & PROCEDURAL BACKGROUND

     The present dispute is based upon an order for stainless steel that Independent, a manufacturer of kitchen hoods, placed with Ken-Mac. *Id.*  Ken-Mac delivered the steel pursuant to Invoice No. 58851, for the amount of $59,462.74, and Invoice No. 59139, for the amount of $43,441.40. *Id.* at 2.  Independent accepted the steel, but did not pay the amounts due for either invoice. *Id.*  Ken-Mac filed a complaint alleging that Independent breached its contract, account stated, and quasi contract by not paying for the steel it received from Ken-Mac (#1).  Independent filed an amended counterclaim against Ken-Mac alleging breach of contract and breach of the implied warranty of fitness for a particular purpose (#27).  Independent alleges that Ken-Mac delivered defective steel, causing Independent to incur expenses to repair the nonconforming sheets of steel. *Id.*

     In preparation for trial, the parties engaged in discovery and submitted a joint pre-trial order

_____

     [1]     Refers to the court's docket number.

1   on October 19, 2010, which the court adopted on December 14, 2010 (#s 41 & 42).  During a hearing

2   on January 21, 2011, the court granted Theirry V. Barkley and the law firm of Thorndal, Armstrong,

3   Delk, Balkenbush & Eisinger's motion to withdraw as counsel of record for Independent (#48).

4   Counsel sought withdrawal because Independent "confirmed that it [wa]s unable to pay for services

5   previously incurred as part of the defense in this matter and will not be able to pay the attorneys' fees

6   and costs that would be incurred if the firm continue[d] to represent [Independent] in this matter"

7   (#44, p. 3).  Mr. Steven Williams, President of Independent, attended the hearing at which the court

8   granted the motion and confirmed that he is unable to obtain replacement counsel and not able to

9   continue with the litigation due to cost (#48).  The court explained to Mr. Williams that he may not

10  proceed *pro se* on behalf of the corporation, vacated the scheduled bench trial, and instructed Ken-

11  Mac to determine how to proceed with its claims.  *Id.*

12      Approximately one month later, on February 28, 2011, and March 1, 2011, Ken-Mac filed

13  its motions for judgment on partial findings and motion to dismiss counterclaim (#s 49 & 50).  The

14  court issued a minute order on March 28, 2011, noting again that Independent may only appear in

15  federal court through an attorney and ordering that the minute order, Ken-Mac's motions, and any

16  other documents filed, be served on Mr. Williams until Independent obtains counsel (#51).  The

17  court granted Independent twenty-one days from the date of the minute order to oppose Ken-Mac's

18  motions.  *Id.*  Independent did not file oppositions.

19              ## II. <u>LEGAL DISCUSSION AND ANALYSIS</u>

20      Ken-Mac moves this court to dismiss Independent's counterclaim pursuant to Federal Rule

21  of Civil Procedure 41(b).[2]  *Id.*  Ken-Mac urges the court to "exercise its discretion and dismiss

22  Independent's counterclaim because Independent has indicated that it will be unable to prosecute the

23  counterclaim."  *Id.*  Ken-Mac notes that in *Bankers Nat'l Life Ins. Co.*, the Northern District of

24  Illinois dismissed a corporation's counterclaim pursuant to Rule 41(b) after the corporation's counsel

25  withdrew, no substitute counsel appeared, and the corporation failed to participate in pre-trial

26  preparation.  *Id.* at 11 (citing *Bankers Nat'l Life Ins. Co. V. Continental Nat'l Corp.*, 21 F.R.D. 448

27

28          [2]      The court addresses Ken-Mac's motion for judgment on partial findings in its May 18, 2011
    minute order (#54).

1   (N. D. Ill. 1981)).

2   **A.    Discussion**

3        **1.    Federal Rule of Civil Procedure 41(b**)

4        Federal Rule of Civil Procedure 41(b) states: "If the plaintiff fails to prosecute or comply

5   with these rules or a court order, a defendant may move to dismiss the action or any claim against

6   it." Fed. R. Civ. P. 41(b).  A dismissal under 41(b) "operates as an adjudication on the merits." *Id.*

7   A dismissal pursuant to Rule 41(b) "'must be supported by a showing of unreasonable delay.'"

8   *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d

9   1421, 1423 (9th Cir. 1986)).  The District Court must also weigh the following factors to determine

10  whether a Rule 41(b) dismissal is warranted: "'(1) the public's interest in expeditious resolution of

11  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

12  the public policy favoring disposition of cases on their merits and (5) the availability of less drastic

13  sanctions.'" *Id.* (quoting *Henderson*, 779 F.2d at 1423).

14  **B.    Analysis**

15       In the present action, Ken-Mac argues that Independent missed the original deadline to

16  respond to its motion to dismiss counterclaim on March 18, 2011 (#53, p. 2).  Likewise, Independent

17  missed the extended deadline, set by the court in its March 28, 2011 minute order.  *Id.* at 2-3.  Based

18  upon these delays and the representation made by Mr. Williams at the January 21, 2011 hearing, that

19  he would not be able to obtain substitute counsel to prosecute Independent's counterclaim, Ken-Mac

20  argues that Independent is unable to proceed with its counterclaim.  *Id.*  Clearly, by Independent's

21  own admission, without the court's intervention to resolve the case, unreasonable and perhaps

22  indefinite delay will result.

23       Having shown that Independent's failure to prosecute its counterclaim has resulted in and

24  will continue to cause unreasonable delay, the court now turns to evaluate the five factors required

25  to support a dismissal pursuant to Rule 41(b).

26       The first two factors, the public's interest in expeditious resolution of litigation and the

27  court's need to manage its docket, weigh in favor of dismissal of Independent's counterclaim.

28  Independent did not respond to Ken-Mac's motions, the court's minute order, and has not identified

1    substitute counsel.  This failure to participate in the litigation hinders the court's ability to resolve

2    this case.  Further, Independent indicated at the January 21, 2011 hearing, that it does not intend to

3    hire substitute counsel and, therefore, will not be able to pursue this litigation.  The court cannot

4    allow this case to languish, unresolved.

5         The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal of

6    Independent's counterclaim.  There is a rebuttable presumption of prejudice to a defendant that arises

7    when a plaintiff unreasonably delays litigation.  *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994);

8    *Henderson*, 779 F.2d at 1423.  As the court explained above, Independent's delays thus far and the

9    future delays that will result from failure to obtain substitute counsel are unreasonable delays.  As

10   Independent did not oppose Ken-Mac's motion, it has not rebutted the presumption that these delays

11   will prejudice Ken-Mac.

12        The fourth factor, public policy favoring disposition of cases on their merits, generally

13   weighs against dismissal of a plaintiff's claims.  However, here, the court has no reason to believe

14   that this case will ever proceed to trial given Independent's representations and subsequent failure

15   to respond to Ken-Mac's motions.  While public policy favors resolving cases on the merits, this

16   preference does not outweigh Independent's stated inability to proceed with this litigation.

17        Finally, the fifth factor, availability of less drastic sanctions, weighs in favor of dismissal of

18   Independent's counterclaim.  As stated above, this case simply is not moving toward resolution and

19   without counsel for Independent the case cannot be resolved, nor can the court fashion a lesser

20   sanction.

21        These five factors weigh in favor of dismissal of Independent's counterclaim for failure to

22   prosecute, pursuant to Rule 41(b).  Therefore, based upon the facts outlined in Ken-Mac's motion;

23   Mr. Williams' representations at the court's January 21, 2011 hearing; and Independent's subsequent

24   failure to respond to Ken-Mac's motions, the court's minute order, or to obtain substitute counsel,

25   Independent's amended counterclaim for breach of contract and breach of implied warranty of fitness

26   for a particular purpose is dismissed.

27                                **III.  CONCLUSION**

28        **IT IS THEREFORE ORDERED** that Ken-Mac's motion to dismiss counterclaim (#50)

                                        4

1    is **GRANTED**.

2        **IT IS FURTHER ORDERED** that Independent's amended counterclaim (#27) is

3    **DISMISSED**.

4        **IT IS SO ORDERED.**

5        **DATED:**  May 19, 2011.

6
                                                    _Valerie P. Cooke_
7    _____

8                                    **UNITED STATES MAGISTRATE JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28