# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEN-MAC METALS, a division of THYSSENKRUPP MATERIALS NA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INDEPENDENT SHEET METAL, INC., doing business as INDEPENDENT INC., <br><br> Defendant. | 3:09-CV-0693-VPC <br><br> **ORDER** |

Before the court is the motion of plaintiff, Ken-Mac Metals, a division of ThyssenKrupp Materials NA, Inc. ("plaintiff") for attorney's fees and costs (#65). Defendant, Independent Sheet Metal, Inc., ("defendant") did not oppose.[1]

Plaintiff filed its complaint against defendant in November 2009 and sought recovery for the sale of stainless steel to defendant pursuant to the Nevada Uniform Commercial Code in the amount of $102,904.14, plus interest (#1). Defendant initially answered and counterclaimed, and discovery ensued. Shortly after defendant filed its amended counterclaim, plaintiff made an offer of judgment, which offered judgment to be taken in plaintiff's favor in the amount of $100,000 for its complaint, and $0 to be taken in favor of defendant on the counterclaim (#65, Exh. 1). Defendant rejected the offer, the parties proceeded with discovery, and the case was sent for trial in March 2011. However, defendant's counsel withdrew, the court vacated the trial date, and it invited plaintiff to file dispositive motions. The court granted plaintiff's motion to dismiss the counterclaim (#55) and then granted summary judgment in plaintiff's favor (#62). Judgment was entered in favor of plaintiff in the principal amount of

---

[1] Steven J. Williams, as President of Independent Sheet Metal, Inc., filed an affidavit claiming exemption from execution by Independent Sheet Metal, Inc. (#67).

1  $102,904.14, prejudgment interest in the amount of $61,927.59, and post-judgment interest at the rate
2  of $50.75 per day until paid (#63.)
3        Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, plaintiff now moves for its
4  attorney's fees. Nevada law governs fee applications based upon federal diversity jurisdiction. *MRO*
5  *Communications, Inc. v. A T & T Co.,* 197 F.3d 1276, 1281 (9th Cir. 1999), *cert. denied,* 529 U.S. 1124
6  (2000) (quoting *Alyeska Pipeline Serv. Co. V. Wilderness Society,* 421 U.S. 240, 259 n. 31 (1975)).
7  Therefore, Nev. Rev. Stat. § 17.115 and Nev. R. Civ. P. 68 govern offers of judgment and allow the
8  court, in its discretion, to award attorney's fees to a party who makes an offer of judgment when the
9  offeree rejects the offer, and the judgment ultimately obtained by the offeree is less favorable than the
10 offer. *Chavez v. Sievers,* 118 Nev. 288, 296, 43 P.3d 1022, 1027 (2002). In *Beattie v. Thomas*, 99 Nev.
11 579, 588, 668 P.2d 268, 274 (1983), the Nevada Supreme Court directs the court to evaluate the
12 following four factors in exercising its discretion to award attorney's fees:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing an amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount. *Id.* (*citing Beattie v. Thomas*, 99 Nev. 579, 588, 668 P.2d 268, 274 (1983)).

17 The court examines each of these factors in turn.
18       First, the court finds that plaintiff acted in good faith to recover damages for the two unpaid
19 invoices, and the court granted summary judgment in plaintiff's favor. Second, the court finds that
20 plaintiff's offer of judgment was reasonable in that it slightly discounted the principal amount owed and
21 did not include accrued interest. In addition, plaintiff's offer of $0 on the counterclaim was not
22 unreasonable, given that defendant never gave notice that it revoked acceptance of the product. Third,
23 the court finds that defendant unreasonably rejected the offer of judgment, since acceptance of the
24 stainless steel and its price were not in dispute at the time of the offer.
25       The court finally considers the reasonableness of attorney's fees and does so pursuant to Nevada
26 law and Local Rule 54-16. Counsel have attached their billing statements and supporting declarations
27 pursuant to LR 54-16, which this court has reviewed. The court concludes that the hourly rates charged

are reasonable, and that under Nevada law, plaintiff is entitled to recover them. The court grants plaintiff's motion for an award of attorney's fees in the amount of $149,919.75 for post-offer attorney's fees. The court has also reviewed plaintiff's bill of costs on taxable costs taxable pursuant to 28 U.S.C. § 1920 in the amount of $5,202.44, and for post-offer costs in the amount of $4,473.87, which are not taxable under 28 U.S.C. § 1920, but which are recoverable under Nev. Rev. Stat. §§ 18.005 and 18.110 and awards those costs.

Based on the foregoing, IT IS ORDERED that plaintiff's motion for attorney's fees and costs (#65) is **GRANTED** in the amount of $159,596.06, consisting of the following:

1. $149,919.75 for post-offer attorney's fees;
2. $5,202.44 for taxable costs pursuant to 28 U.S.C. § 1920; and
3. $4,473.87 for post-offer costs which are recoverable pursuant to Nev.Rev.Stat. §§ 18.005 and 18.110.

**IT IS SO ORDERED.**

DATED: October 21, 2011.

_____
UNITED STATES MAGISTRATE JUDGE